United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOYUN KIM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADVANCED MICRO DEVICES, INC., et al.,<br><br>　　　　Defendants. | Case No. 5:18-cv-00321-EJD<br><br>**ORDER GRANTING DARREL DAGDIGIAN AND HOWARD CLARK'S MOTION TO APPOINT LEAD PLAINTIFFS AND APPROVE SELECTION OF COUNSEL**<br><br>Re: Dkt. Nos. 17, 21 |

**I. INTRODUCTION**

In this securities fraud class action Darrel Dagdigian and Howard Clark ("Movants") move for appointment as lead plaintiffs and approval of their selection of The Rosen Law Firm, P.A. as lead counsel. Dkt. 17. Theodore Anderson ("Anderson") also filed a motion for appointment as lead plaintiff and approval of lead counsel (Dkt. 21), although Anderson later filed a notice of non-opposition to the competing motion (Dkt. 30). The Court finds it appropriate to take the matters under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having reviewed the Movants' submissions and for the reasons set forth below, the Court grants the motion of Darrel Dagdigian and Howard Clark for appointment as lead plaintiffs and approval of their selection of The Rosen Law Firm, P.A. as lead counsel.

**II. BACKGROUND**

Defendant Advanced Micro Devices, Inc. ("AMD" or the "Company") manufactures semiconductor products, including microprocessors, embedded microprocessors, chipsets, graphics, video and multimedia products. Complaint, ¶ 2. The Complaint alleges that between

Case No.: 5:18-cv-00321-EJD
ORDER GRANTING DARREL DAGDIGIAN AND HOWARD CLARK'S MOTION TO APPOINT LEAD PLAINTIFFS AND APPROVE SELECTION OF COUNSEL

1

February 21, 2017 and January 11, 2018 (the "Class Period"), Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Id. at ¶ 4. More specifically, Defendants allegedly "made false and/or misleading statements and/or failed to disclose that: (i) a fundamental security flaw in AMD's processor chips renders them susceptible to hacking; and (ii) as a result, AMD's public statements were materially false and misleading at all relevant times." Id. Plaintiffs allege that on January 3, 2018, an AMD spokesperson advised investors that AMD's chips were vulnerable to one variant of the "Spectre" security flaw, but that there was "near zero risk" that AMD chips were vulnerable to a second Spectre variant. Id. at ¶6. On January 11, 2018, however, AMD issued a press release acknowledging that its chips were susceptible to both variants of the Spectre security flaw. Id. at ¶ 7. The price of AMD shares fell $0.12 or .99% to close at $12.02 on January 12, 2018. Id. at ¶ 9.

## III. DISCUSSION

The Private Securities Litigation Reform Act of 1995 ("PSLRA") sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). To aid the court in its determination, each proposed lead plaintiff must submit a sworn "certification" setting forth certain facts designed to assure the court that the plaintiff (1) has suffered more than a nominal loss, (2) is not a professional litigant, and (3) is otherwise interested and able to serve as a class representative. 15 U.S.C. § 78u-4(a)(2)(A). The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). Any member of the purported class may move to serve as lead plaintiff. Id. The PSLRA requires the district court to determine who among the movants for lead plaintiff status is the "most adequate plaintiff" and establishes a rebuttable presumption that the "most adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a

notice;

    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

    Movants in this case satisfy the foregoing criteria for appointment as lead plaintiffs. First, Movants timely filed the instant motion and submitted the requisite sworn certifications. See Rosen Decl., Ex. 2. Second, Movants allege that they purchased 152,781 net shares during the Class Period and lost $177,526.65. See Rosen Decl., Ex. 3. Movants have the largest financial interest in this litigation. Third, Movants satisfy the requirements of Rule 23, Fed. R. Civ. P. When ruling on a motion for appointment as lead plaintiff, the main focus is on the typicality and adequacy requirements of Rule 23. In re Cavanaugh, 306 F.3d 726, 730 (9th Cir. 2002). Movants represent that their claims are typical of the members of the class and their interests are aligned with the proposed class. Motion, pp. 5-6. Accordingly, Movants have made the preliminary showing necessary under the PSLRA.

    Once the court has designated a lead plaintiff, that lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). A court generally should accept the lead plaintiff's choice of counsel unless it appears necessary to appoint different counsel to "protect the interests of the class." Id. at § 78u–4(a)(3)(B)(iii)(II)(aa). Here, Movants have selected The Rosen Law Firm, P.A., to represent them. The Rosen Law Firm, P.A. has significant experience securities fraud litigation and class actions (see Rosen Decl., Exh. 4) and therefore there is no reason to appoint different counsel to protect the proposed class.

Case No.: 5:18-cv-00321-EJD
ORDER GRANTING DARREL DAGDIGIAN AND HOWARD CLARK'S MOTION TO APPOINT LEAD PLAINTIFFS AND APPROVE SELECTION OF COUNSEL

3

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Darrel Dagdigian and Howard Clark are appointed as Lead Plaintiffs;

2. The Rosen Law Firm, P.A. is appointed as Lead Counsel;

3. No later than June 25, 2018, 2018, Lead Plaintiffs and Defendants shall confer and propose to the Court a new case management conference date, as well as a schedule for the filing of an amended complaint or other designation of the operative complaint, and the filing of Defendants' response(s) thereto, including by motion to dismiss or otherwise; and

4. No later than July 2, 2018, the parties shall file a joint report regarding the results of the meet and confer process or a stipulation and proposed order addressing the topics set forth in item 3 above.

**IT IS SO ORDERED.**

Dated: June 11, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-00321-EJD
ORDER GRANTING DARREL DAGDIGIAN AND HOWARD CLARK'S MOTION TO APPOINT LEAD PLAINTIFFS AND APPROVE SELECTION OF COUNSEL

4